John J. Janis [ISB No. 3599]
HEPWORTH, JANIS & KLUKSDAL, CHTD
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, Idaho 83701-2582
Telephone: (208) 343-7510
Facsimile: (208) 342-2927
Email: johnjanis@aol.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. SPINK, an individual, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| vs. ) | **JURY TRIAL** |
| ) | |
| STANDARD INSURANCE COMPANY, ) | |
| an Oregon corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

* * * * *

COMES NOW, Plaintiff Michael T. Spink, by and through his attorneys of record,

Hepworth, Janis & Kluksdal, and for cause of action against the above-named Defendant, hereby

states and alleges as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES

1.     The Plaintiff Michael T. Spink is now and was at all times relevant herein a resident of Ada County, Idaho.

2.     The Defendant Standard Insurance Company is a foreign company whose principal place of business is in the State of Oregon.  Said Defendant also conducts substantial business activities in the State of Idaho.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).  The amount in controversy in this case exceeds the sum of $75,000 exclusive of interest and costs, and the Plaintiff is a citizen of a different state than Defendant.

4.     Venue is appropriate in the District of Idaho pursuant to 29 U.S.C. § 1391 as most of the events or omissions giving rise to this action occurred in Ada County, Idaho.

## FACTUAL ALLEGATIONS

5.     The Plaintiff Michael T. Spink is an attorney in good standing in the State of Idaho, and is a partner with the law firm of Spink Butler, LLP, since 2002.

6.     The Plaintiff is a vested participant in a group long term disability insurance policy or plan issued by the Defendant Standard Insurance Company, specifically Policy No. 127510-B.

7.     In 2010, the Plaintiff was diagnosed with advanced prostate cancer.  He underwent a radical prostatectomy in June of 2010.  The Plaintiff nevertheless continued to test positive following the surgery and was given a full course of radiation therapy commencing in September 2010.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

8.     In March of 2011, after both surgery and radiation had failed, acting upon the advice and recommendation of his treating physician, the Plaintiff began undergoing cancer treatment hormone therapy in the form of taking medication known as Lupron.  This is the type of medication therapy that is known to be effective for treatment of conditions like the Plaintiff has, but will eventually become an ineffective form of treatment as the cancer adapts.  When that happens, the Plaintiff then has to undergo additional hormone therapies and immunotherapy.

9.     The effects of undergoing Lupron therapy were to cause the Plaintiff to experience extreme fatigue and gradually declining mental acuity, and thereby rendering the Plaintiff as physically and mentally incapable of working the same amount of hours he was previously used to working before he began Lupron therapy.

10.     Because of the traumatic side effects of the Lupron therapy, the Plaintiff was rendered disabled from being able to perform with reasonable continuity the material duties of his chosen occupation and suffered a loss of substantially more than 20% of his indexed pre-disability earnings.  As such, he qualified for coverage and benefits under the group long term disability insurance policy/plan with the Defendant Standard Insurance Company.

11.     The Plaintiff submitted the appropriate application for coverage of benefits under the subject disability policy with the Defendant, including utilizing the appropriate forms and submitting the appropriate proof that he was in fact disabled and entitled to benefits coverage under the subject disability policy.

12.     The Defendant denied the Plaintiff's claim and application for benefits and did so wrongfully, unjustly, and without good cause under the language of the governing disability insurance policy.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

13.     The Plaintiff's disability and inability to perform with reasonable continuity the material duties of his occupation as an attorney continued throughout the use of the Lupron therapy.  The Plaintiff continued to submit updates of his continued physical and mental deterioration to the Defendant who nevertheless continually denied coverage.

14.     After the Lupron therapy demonstrated decreasing effectiveness, the Plaintiff underwent new additional medication therapy in addition to continuing Lupron shots, and again resubmitted the claim for partial disability coverage to the Defendant.  Again, with the additional therapy, the Plaintiff was made even more unable to continue working full time in his occupation as an attorney, and unable to perform with reasonable continuity the material duties of his occupation as an attorney.

15.     Nevertheless, the Defendant again continued to deny the claim as it had done all times previously.

16.     The Plaintiff has exhausted all administrative remedies available and/or required.

## COUNT I
## BREACH OF CONTRACT

17.     The Plaintiff hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 16 above, as if fully set forth hereto.

18.     The Defendant's denials of the Plaintiff's claim for benefits under the subject disability insurance policy was wrongful and contrary to the terms of the governing insurance policy.

19.     The Defendant breached its contract with the Plaintiff under the subject insurance policy.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

20.     As a direct and proximate result of the Defendant's breach of its insurance policy with the Plaintiff, the Plaintiff has entitled to recover damages in the form of benefits the Defendant should have paid under the claim.  The Plaintiff reserves the right to prove the precise amount of such damages at the time and place of trial of this action, but which amount in any event exceeds the federal diversity limits of $75,000.

## COUNT II
## BAD FAITH

21.     The Plaintiff hereby realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 20 above, as if fully set forth hereto.

22.     The Defendant's denials of the Plaintiff's appropriately submitted claims for coverage were not only wrongful under the terms of the governing insurance policy, but amounted to an intentional and unreasonable denial of the Plaintiff's claims such that Defendant's conduct amounts to tortious bad faith.

23.     The Plaintiff has suffered substantial and additional damages due to the Defendant's tortious bad faith conduct, the amount of which Plaintiff reserves the right to prove at the time and place of trial of this action, but which amount in any event exceeds the federal diversity limits of $75,000.

### NOTICE OF INTENT TO CLAIM PUNITIVE DAMAGES

The Plaintiff hereby gives formal notice of his intent to seek to amend this Complaint to specifically include a claim for punitive damages against the Defendant on the grounds and for the reasons that the Defendant's conduct amounted to an extreme deviation from the standard of care

of its industry and amounts to the level of culpable conduct that justifies the inclusion of a claim for punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

## REQUEST FOR ATTORNEYS' FEES

As a further direct and proximate result of the Defendant's improper and wrongful conduct as referenced above, Plaintiff has been forced to hire counsel for the purposes of prosecution of this action, and the Plaintiff is entitled to recover all reasonable costs and attorneys' fees under Idaho law, including but not limited to, Idaho Code §§ 41-1839, 12-120, 12-121, and 12-123.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant as follows:

(1)  For the recovery of all compensatory damages including benefits the Defendant wrongfully refused to pay under the insurance policy, as well as damages flowing from the Defendant's bad faith conduct, all in amounts the Plaintiff reserves the right to prove at the time and place of trial of this action, but which amounts in any event substantially exceed the federal diversity limits of $75,000;

(2)  Once the appropriate leave to amend the Complaint to include a claim for an award of punitive damages;

(3)    For the recovery of all reasonable costs and attorneys' fees pursuant to Idaho

law; and

(4)    For such other and further relief as the Court deems just and equitable.


DATED this __2nd__ day of March, 2016.

                         HEPWORTH, JANIS & KLUKSDAL


                         By __/s/ John J. Janis_____
                               John J. Janis
                               Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 7